39 F.3d 1096
 Kenneth L. BISBEE, Plaintiff-Appellee,
v.
John BEY, in his individual capacity; James Johnson, in his
individual capacity; and E.E. VanBuskirk, in his
individual capacity, Defendants-Appellants,
and
Converse County Board of County Commissioners, Defendant.
Kenneth L. BISBEE, Plaintiff-Appellant,
v.
John BEY, in his individual capacity; James Johnson, in his
individual capacity; E.E. VanBuskirk, in his individual
capacity; and Converse County Board of County
Commissioners, Defendants-Appellees.
 Nos. 93-8081, 93-8087.
 United States Court of Appeals,
Tenth Circuit.
 Nov. 3, 1994.
 
 Jane A. Villemez, of Graves & Villemez, P.C., Cheyenne, WY, for plaintiff-appellee-cross-appellant.
 Hugh L. Kenny, Sr. Asst. Atty. Gen., Cheyenne, WY, for defendants-appellants-cross-appellees John Bey and James Johnson.
 Karen A. Byrne, Cheyenne, WY, for defendant-appellant-cross-appellee E.E. VanBuskirk.
 Dale W. Cottam (Gary R. Scott, of Hirst & Applegate, on the brief), of Hirst & Applegate, Cheyenne, WY, for defendant-cross-appellee Converse County Bd. of County Com'rs.
 Before TACHA, FAIRCHILD*, and LOGAN, Circuit Judges.
 TACHA, Circuit Judge.
 
 
 1
 These two appeals result from a suit alleging violations of 42 U.S.C. Sec. 1983 and 42 U.S.C. Sec. 1985. Defendants John Bey, James Johnson, and E.E. VanBuskirk appeal in their individual capacities from the district court's decision not to grant them qualified immunity. Plaintiff Kenneth Bisbee cross appeals the district court's grant of summary judgment in favor of the Board of County Commissioners of Converse County ("the county"). In the first appeal, we exercise jurisdiction pursuant to 28 U.S.C. Sec. 1291 and affirm as to the section 1983 claim while reversing as to the section 1985 claim. We dismiss the second appeal because we decline to exercise discretionary pendent jurisdiction.I. BACKGROUND
 
 
 2
 In 1991 plaintiff was employed as a deputy in the Converse County Sheriff's Department. Through a chance encounter, he became suspicious that his supervisor, defendant E.E. VanBuskirk, had misappropriated a rifle. After investigating further, plaintiff filled out an incident report asserting that VanBuskirk had violated the Sheriff Department's operating policies. On July 6, 1991, the dispatcher on duty at the Sheriff's Department assigned the report a case number. The dispatcher then entered a message on the computer recording the report number and stating that it contained "sensitive materials." Plaintiff and his supervisor on duty, Sergeant Greg Way, decided to present the report to Undersheriff James Johnson. They sealed the report by taping the envelope shut. Plaintiff placed the report in the lower tier of the undersheriff's letter baskets. At the time, Undersheriff Johnson was on vacation.
 
 
 3
 On July 13, 1991, plaintiff and defendant VanBuskirk were involved in a heated confrontation at an investigation site. VanBuskirk claims that he was questioning plaintiff because two officers were sitting together in one car, thereby compromising their ability to split up and respond to calls for assistance in another part of the county. During the argument, VanBuskirk told plaintiff that plaintiff was suspended. Plaintiff responded with a derogatory retort. On July 16, 1991, defendant Sheriff Bey, acting on the recommendation of Undersheriff Johnson and Sergeant VanBuskirk, fired plaintiff.
 
 
 4
 Plaintiff brought suit against defendants alleging violations of his First and Fourteenth Amendment rights. He relied on the statutory remedies provided by 42 U.S.C. Secs. 1983 and 1985. He also asserted a claim under Wyoming state law. The complaint alleged that defendants had discharged plaintiff for exercising his right to freedom of speech and that his firing denied him due process.
 
 
 5
 All defendants moved for summary judgment. The individual defendants claimed qualified immunity. Defendants denied responsibility for all claims, stating specifically that they did not know of the incident report until after plaintiff was fired. Instead, defendants claimed, they fired plaintiff for insubordination. The county moved for summary judgment, stating that no evidence linked the county to plaintiff's termination.
 
 
 6
 The district court granted summary judgment to the county on all claims. With respect to the individual defendants, the district court granted summary judgment on the Fourteenth Amendment and state law claims. The court refused to grant summary judgment for the individual defendants on plaintiff's section 1983 and 1985 claims that alleged infringements of his First Amendment rights.
 
 
 7
 The individual defendants appeal from the district court's denial of summary judgment on the grounds of qualified immunity. Plaintiff cross appeals the district court's decision to grant the county summary judgment.
 
 II. THE DEFENDANT'S QUALIFIED IMMUNITY CLAIM
 A. PLAINTIFF'S 1983 CLAIM
 
 8
 A district court's denial of a motion for summary judgment on qualified immunity grounds is an appealable decision under 28 U.S.C. Sec. 1291. While section 1291 authorizes appeals only from "final decisions," "[t]he entitlement to qualified immunity 'is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.' " Pueblo Neighborhood Health Ctrs., Inc. v. Losavio, 847 F.2d 642, 644 (10th Cir.1988) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815-16, 86 L.Ed.2d 411 (1985)). Therefore "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. Sec. 1291 notwithstanding the absence of a final judgment." Mitchell, 472 U.S. at 530, 105 S.Ct. at 2817.
 
 
 9
 The district court's denial of qualified immunity is a question of law which we review de novo. Yvonne L. v. New Mexico Dep't of Human Servs., 959 F.2d 883, 891 (10th Cir.1992); Eastwood v. Department of Corrections, 846 F.2d 627, 629 (10th Cir.1988). Under the summary judgment standard, we review the evidence in the light most favorable to the nonmoving party. Eastwood, 846 F.2d at 629.
 
 
 10
 "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); see also Losavio, 847 F.2d at 645. In evaluating defendants' qualified immunity claims, we must first determine whether plaintiff's allegations, if true, state a claim for a violation of a constitutional right that was clearly established when defendant acted. Siegert v. Gilley, 500 U.S. 226, 232, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991).
 
 
 11
 Plaintiff asserts that he was fired because he reported illegal activity within the Sheriff's Department. Defendants concede that, if plaintiff's allegations are true, he has shown a violation of a clearly established constitutional right. See Mt. Health City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977); Conaway v. Smith, 853 F.2d 789, 795 (10th Cir.1988). The burden therefore shifts to the defendants to show that summary judgment should be granted because there is no genuine issue of material fact. Fed.R.Civ.P. 56(c); Gallegos v. City and County of Denver, 984 F.2d 358, 361 (10th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 2962, 125 L.Ed.2d 662 (1993). To defeat a defendant's showing that no material fact exists, "plaintiffs cannot rely on conclusory allegations; they must produce some specific factual support for their claim of unconstitutional motive." Losavio, 847 F.2d at 649.
 
 
 12
 The court must take four steps in assessing an employment retaliation case asserting a First Amendment right. Each step must be satisfied for a plaintiff to prevail. First, the court must determine that the employee's speech involves a matter of public concern. Melton v. City of Okla. City, 879 F.2d 706, 713 (10th Cir.1989), modified on other grounds, 928 F.2d 920 (10th Cir.) (en banc), cert. denied, --- U.S. ----, 112 S.Ct. 296, 116 L.Ed.2d 241 (1991). Second, the court must "balance the interests of the employee in making the statement against the public employer's interests in the effective and efficient fulfillment of its responsibilities to the public." Id. (citing Pickering v. Board of Educ., 391 U.S. 563, 568, 88 S.Ct. 1731, 1734, 20 L.Ed.2d 811 (1968)). Third, if the balancing test tips in favor of the plaintiff, then he must show "that the protected speech 'was a "motivating factor" in the decision.' " Id. (citing Mt. Healthy, 429 U.S. at 287, 97 S.Ct. at 576). Fourth, if the plaintiff meets this burden, "the burden then shifts to the employer to show by a preponderance of evidence that it would have reached the same decision in the absence of the protected activity." Id. (citing Mt. Healthy, 429 U.S. at 287, 97 S.Ct. at 576); see also Powell v. Gallentine, 992 F.2d 1088, 1090 (10th Cir.1993) (applying same four-step analysis).
 
 
 13
 In this appeal, defendants contend that plaintiff has not alleged facts which show that his speech was a motivating factor in the decision to terminate his employment. Examining the facts in the light most favorable to plaintiff, we conclude that he has set forth sufficient evidence to avoid summary judgment against him. A number of facts in the record create the inference that defendants fired plaintiff for filing the stolen property report. At least two persons in the sheriff's office--Sergeant Way and the dispatcher--allegedly read the report, and a third, Deputy Macormic, allegedly received the report and was aware of plaintiff's complaint. The dispatcher assigned a report number to the complaint, which appeared on the office computer. Sheriff Bey acknowledges that Sergeant Way told him the computer entry referred to information offered by the plaintiff concerning stolen property. One employee described the incident report as "common knowledge" around the office. Finally, no one in the Sheriff's Department questioned plaintiff after the encounter with Sergeant VanBuskirk, arguably leaving the impression that the insubordination was not the reason for his dismissal.
 
 
 14
 Some of these facts are disputed by the defendants, and none of plaintiff's allegations amount to a "smoking gun" that prove his firing was related to his incident report. Still, "allegations of retaliation are often supported only by circumstantial evidence." Durant v. Independent Sch. Dist. No. 16, 990 F.2d 560, 564 (10th Cir.1993). Plaintiff has put forth sufficient evidence to create a circumstantial case that he was fired in violation of his First Amendment rights. Questions concerning whom to believe in this matter are reserved for the jury. We affirm the trial court's denial of the individual defendants' motion for summary judgment on the section 1983 claim.
 
 B. PLAINTIFF'S SECTION 1985 CLAIM
 
 15
 Defendants also appeal from the district court's denial of summary judgment on plaintiff's section 1985 claim. Section 1985 prohibits persons from conspiring "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. Sec. 1985(3).
 
 A.
 
 16
 We must first decide whether we have jurisdiction to hear this appeal. Again, this court has jurisdiction to hear appeals from all final decisions of United States district courts. 28 U.S.C. Sec. 1291. If defendants can claim qualified immunity to a section 1985 claim, we have jurisdiction because a denial of qualified immunity is an appealable final decision. Mitchell, 472 U.S. at 530, 105 S.Ct. at 2818. On several occasions, this court has applied the doctrine of qualified immunity in section 1985 cases without addressing the predicate question of whether the immunity is applicable.[1] See, e.g., Langley v. Adams County, 987 F.2d 1473, 1481-82 (10th Cir.1993); Gallegos, 984 F.2d at 363-64; McEvoy v. Shoemaker, 882 F.2d 463, 465 (10th Cir.1989); Benavidez v. Gunnell, 722 F.2d 615, 618 (10th Cir.1983). In addition, at least two other circuits have applied qualified immunity analysis in section 1985 actions. See Auriemma v. Rice, 910 F.2d 1449, 1457-59 (7th Cir.1990), cert. denied, 501 U.S. 1204, 111 S.Ct. 2796, 115 L.Ed.2d 970 (1991); Hobson v. Wilson, 737 F.2d 1, 19-20 (D.C.Cir.1984), cert. denied, 470 U.S. 1084, 105 S.Ct. 1843, 85 L.Ed.2d 142 (1985). It is important to establish the underlying basis for this judgment.
 
 
 17
 Like section 1983, the text of section 1985 makes no reference to immunities on its face. Over time, however, section 1983 and its federal counterpart, the Bivens action, have amassed a large body of immunity precedents. See, e.g., Butz v. Economou, 438 U.S. 478, 506-07, 98 S.Ct. 2894, 2910-11, 57 L.Ed.2d 895 (1978) (federal official sued for damages arising from a constitutional violation is entitled to qualified immunity); Scheuer v. Rhodes, 416 U.S. 232, 247-49, 94 S.Ct. 1683, 1692-93, 40 L.Ed.2d 90 (1974) (holding that executive branch officers had qualified immunity). The Supreme Court has stated that the reasons for recognizing these immunities are to avoid the "diversion of official energy away from pressing public issues," to preclude the "deterrence of able citizens from acceptance of public office," and to prevent the dampening of " 'the ardor of all but the most resolute, or the most irresponsible [public officials], in the unflinching discharge of their duties.' " Harlow, 457 U.S. at 814, 102 S.Ct. at 2736 (quoting Gregoire v. Biddle, 177 F.2d 579, 581 (2d Cir.1949), cert. denied, 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363 (1950)). These same concerns permeate suits against public officials under section 1985. When a statute reaches action taken by governmental officials, courts must always be concerned about the law's potentially chilling effect on official conduct. Despite these apparent similarities in policy concerns, the Eleventh Circuit has ruled that "public officials cannot raise a qualified immunity defense to a section 1985(3) claim." Burrell v. Board of Trustees of Ga. Military College, 970 F.2d 785, 794 (11th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 1814, 123 L.Ed.2d 445 (1993). In Burrell, the court reasoned that the need for the immunity safeguard was obviated by section 1985's requirement that plaintiffs show a racial or class-based animus. Id. This requirement affords public officials "an additional protection against section 1985(3) actions that is not present in section 1983 cases, so immunity is unnecessary." Id.
 
 
 18
 We find the Eleventh Circuit's reasoning in Burrell unpersuasive. The justifications for the doctrine of qualified immunity enunciated in Harlow are equally present in section 1985 claims regardless of the added requirement of racial or class-based animus. If public officials are not allowed to assert qualified immunity under section 1985, then suits may divert these officials' energies away from their public obligations; individuals will be deterred from holding public office; and officials will be chilled in the exercise of their duties. We therefore hold that defendants in section 1985 actions are entitled to claim qualified immunity.
 
 B.
 
 19
 The district court's denial of defendant's claim of qualified immunity was a final order appealable under 28 U.S.C. Sec. 1291. Mitchell, 472 U.S. at 530, 105 S.Ct. at 2818. We have jurisdiction to review the claim on the merits. We review the district court's denial of summary judgment on defendants' claims of qualified immunity de novo. Yvonne L., 959 F.2d at 891.
 
 
 20
 Section 1985(3) creates a cause of action against persons who conspire to deprive a person or class of "equal" protection or "equal" privileges and immunities. A violation of section 1985 must include class-based or racially discriminatory animus. Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971); Atkins v. Lanning, 556 F.2d 485, 489 (10th Cir.1977). "[I]n the absence of allegations of class based or racial discriminatory animus, the complaint fails to state a claim under Sec. 1985." Campbell v. Amax Coal Co., 610 F.2d 701, 702 (10th Cir.1979) (per curiam). Here, plaintiff has made no allegations of race or class-based animus. As such, he has not stated a claim under section 1985. We therefore reverse the district court's decision and grant summary judgment in favor of defendants on plaintiff's section 1985 claim.
 
 III. PLAINTIFF'S CROSS APPEAL
 
 21
 Plaintiff cross appeals from the district court's grant of summary judgment in favor of the county. Importantly, the district court has not entered a final order in this case. Plaintiff's section 1983 claim against the individual defendants remains in the district court. Consequently, plaintiff cannot assert that this court possesses jurisdiction under 28 U.S.C. Sec. 1291. Instead, plaintiff asks the court to rely on its discretionary pendent appellate jurisdiction. We decline to do so. For the following reasons, we dismiss this appeal for lack of jurisdiction.
 
 
 22
 "Pendent appellate jurisdiction is a matter of discretion, not of right." Walter v. Morton, 33 F.3d 1240, 1242 (10th Cir.1994). In deciding whether to exercise pendent appellate jurisdiction, we examine whether the legal and factual issues are sufficiently developed for review, whether the issues on appeal are closely related or relevant to the otherwise nonappealable issue, and whether judicial economy would be served despite a policy against piecemeal appeals. State of Colo. v. Idarado Mining Co., 916 F.2d 1486, 1491 (10th Cir.1990), cert. denied, 499 U.S. 960, 111 S.Ct. 1584, 113 L.Ed.2d 648 (1991). We have previously exercised pendent appellate jurisdiction in an appeal from a denial of qualified immunity where the issues involved were "factually and legally intertwined with the issues on appeal." Primas v. City of Okla. City, 958 F.2d 1506, 1512 (10th Cir.1992).
 
 
 23
 In order to assess whether to take jurisdiction, we look to plaintiff's assertions on appeal. Plaintiff alleges that the sheriff took two unconstitutional actions that would hold the county liable: (1) as the county's final policymaker, he terminated his employment in violation of plaintiff's First Amendment rights, and (2) he violated plaintiff's due process rights when, as the final policymaker, he did not follow proper procedures after the termination.
 
 
 24
 "[M]unicipality liability can be imposed for a single decision by municipal policymakers under appropriate circumstances." Pembaur v. City of Cincinnati, 475 U.S. 469, 480, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986). The county concedes that the sheriff was a policymaker for Pembaur purposes. The county argues, however, that these decisions, if unconstitutional, were made in contravention of county policy.
 
 
 25
 Even if plaintiff proves that the sheriff was the county's final policymaker for employment purposes, we would still need to ascertain whether a municipality can be held liable for the actions of an official policymaker if those actions were antithetical to established policy. See Auriemma v. Rice, 957 F.2d 397, 399-401 (7th Cir.1992). This complex legal issue is unrelated to the individual defendants' appeal of qualified immunity. Because the issues are complex and unconnected to the individual defendants' appeal, we find that the requirements for pendent appellate jurisdiction are not met. Accordingly, we dismiss plaintiff's cross appeal.
 
 IV. CONCLUSION
 
 26
 We affirm the district court's denial of summary judgment on plaintiff's section 1983 claim. We reverse the district court on plaintiff's section 1985 claim and grant summary judgment to defendants. Finally, we dismiss plaintiff's cross appeal for lack of jurisdiction. The case is REMANDED to the district court for further proceedings in accordance with this opinion.
 
 
 
 *
 The Honorable Thomas E. Fairchild, Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation
 
 
 [1]
 This court has also applied absolute immunity in cases alleging violations of section 1985. See Van Sickle v. Holloway, 791 F.2d 1431, 1434-35 (10th Cir.1986)