72 F.3d 137
 131 Lab.Cas. P 33,321
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dan HERRERA, Sr., Plaintiff-Appellant,
v.
Glenn WEATHERS, Taos County Sheriff; Defendant-Appellee,
and
TAOS COUNTY SHERIFF'S DEPARTMENT, Samuel Montoya, Taos
County Manager, Taos County Board of
Commissioners, Orlando Santistevan,
Sofio D. Ortega, Celestino
Romero, Defendants.
 No. 94-2286.
 United States Court of Appeals, Tenth Circuit.
 Dec. 7, 1995.
 
 ORDER AND JUDGMENT[1]
 Before BRISCOE and LOGAN, Circuit Judges, and THOMPSON,** District Judge.
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Dan Herrera, Sr. appeals from the grant of summary judgment in favor of defendant Glenn Weathers on the basis of qualified immunity in this retaliatory discharge action filed under 42 U.S.C.1983. We have jurisdiction under 28 U.S.C. 1291,[2] and we affirm.
 
 
 3
 Plaintiff was employed by the Taos County Sheriff's Department from March 1984 through November 1993, first as a deputy and later as a sergeant. Defendant Weathers was undersheriff to Felipe Cordova--who is not a party to this suit--in 1989 and 1990, and became sheriff in January 1993. Plaintiff was placed on administrative leave with pay on August 24, 1993, and discharged on November 24, 1993, after defendant recommended his termination to the Taos County manager. Defendant claims he recommended plaintiff's discharge because two investigations concluded there was probable cause to believe that plaintiff committed a crime during the attempted execution of a warrant for the arrest of his son in August 1993. Plaintiff claims he actually was fired in retaliation for bringing a Fair Labor Standards Act (FLSA) claim against the sheriff's department in August 1993, for participating in union activities at the department, and for having run against Cordova and defendant for sheriff in the 1990 and 1992 primary elections, respectively. The district court decided that plaintiff's FLSA suit was not a protected First Amendment activity and that plaintiff had produced insufficient evidence to withstand summary judgment on the issue whether either of his other First Amendment activities was the motivating factor in defendant's decision to recommend his discharge.
 
 
 4
 We review the grant of summary judgment de novo, using the same standard as that applied by the district court. Wolf v. Prudential Ins. Co., 50 F.3d 793, 796 (10th Cir.1995). Our assessment of defendant's qualified immunity defense involves two steps. See Bisbee v. Bey, 39 F.3d 1096, 1100 (10th Cir.1994), cert. denied, 115 S.Ct. 2577 (1995). First, we must "determine whether plaintiff's allegations, if true, state a claim for a violation of a constitutional right that was clearly established when defendant acted." Id. We agree with the district court that plaintiff's FLSA action is not protected First Amendment activity because the claim--for nonpayment of overtime compensation--is not a matter of public concern. See Connick v. Myers, 461 U.S. 138, 146 (1983). Defendant concedes, however, that plaintiff's allegations of retaliation for union activity and running for election do state a claim for relief. Therefore, the burden shifts to defendant to show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. See Bisbee, 39 F.3d at 1100. Once defendant makes this showing, plaintiff "must produce some specific factual support for [his] claim of unconstitutional motive." Id. (quotation and citation omitted).
 
 
 5
 "The court must take four steps in assessing an employment retaliation case asserting a First Amendment right." Id. We must determine: (1) whether the employee's speech "involves a matter of public concern"; (2) whether the employee's interest in the protected activity outweighs "the public employer's interests in the effective and efficient fulfillment of [his] responsibilities to the public"; (3) if the balance of interests weighs in favor of the employee, whether the protected activity was a motivating factor in the employer's adverse employment decision; and (4) if the plaintiff meets the burden at step three, whether defendant can then "show by a preponderance of evidence that [he] would have reached the same decision in the absence of the protected activity." Id. (quotation and citation omitted).
 
 
 6
 Defendant argues that evidence of plaintiff's criminal wrongdoing, not plaintiff's protected First Amendment activity, motivated him to recommend that plaintiff be discharged. Based upon our review of the record on appeal, examining the facts in the light most favorable to plaintiff, we agree that plaintiff failed in his burden to produce specific evidence that defendant's action was improperly motivated.
 
 
 7
 Plaintiff argues that another employee, Jose Trujillo, also committed a crime but was not terminated. Defendant concedes that Trujillo committed a misdemeanor. He points out, however, that Trujillo voluntarily confessed to his wrongdoing, and that the decision to withhold discipline in Trujillo's case was made on the advice of the county attorney. In contrast, plaintiff does not admit to any wrongdoing, but an independent investigator found probable cause to believe he had assisted his son, who was accused of felonies, to escape custody.
 
 
 8
 Plaintiff also contends that his assignment to less desirable shifts after the 1990 election raises an inference of retaliation. However, plaintiff's first assignment to the night shift was made by Sheriff Cordova, not defendant, and reassignments during defendant's tenure as sheriff were made at plaintiff's written request.
 
 
 9
 Finally, although plaintiff alleges there was concerted activity between Cordova and defendant while defendant was undersheriff, plaintiff points to no evidence to support an inference that Cordova and defendant acted together to retaliate against him.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Ralph G. Thompson, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [2]
 The district court certified the summary judgment in favor of defendant Weathers for appeal pursuant to Fed.R.Civ.P. 54(b), and later entered a final dismissal as to the other defendants as well. Plaintiff did not appeal from the latter order of dismissal