UNITED STATES COURT OF APPEALS

**Filed 1/21/97**

TENTH CIRCUIT

ANGELA C.R. DeSERRATO,

Plaintiff-Appellant,

v.

THE HILLHAVEN CORPORATION,

Defendant-Appellee.

No. 96-4123
(D.C. No. 2-96-CV-22-G)
(D. Utah)

ORDER AND JUDGMENT[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Angela DeSerrato appeals the district court's dismissal of her pro se 42 U.S.C. §§ 1983 and 1985 claims against her former employer, Hillhaven Corporation. We affirm.

DeSerrato's complaint alleged Hillhaven wrongfully terminated her employment and made libelous statements about her. She contended her termination as a registered

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

nurse was in retaliation for her refusal to engage in illegal actions. DeSerrato alleged Hillhaven was acting under color of state law because, "This corporation . . . was fully aware [the Director of Nursing] was terminating my employment and violating my civil rights as well as sending libel mail and notes and defamatory statements." Record doc. 3. She further alleged she was subjected to employment discrimination.

Hillhaven moved to dismiss the action under Fed. R. Civ. P. 12(b)(6) on the ground that it was a private corporation and DeSerrato failed to allege facts adequate to show its actions were under color of state law. The magistrate judge recommended the complaint be dismissed for the reasons stated by Hillhaven, and also determined the complaint could not support a § 1985 action because it contained no claim of class-based or racially discriminatory animus. The district court accepted the magistrate's recommendation and dismissed the action.

We review de novo a district court's dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Kidd v. Taos Ski Valley, 88 F.3d 848, 854 (10th Cir. 1996). Similarly, we review a dismissal for lack of subject matter jurisdiction de novo. Olguin v. Lucero, 87 F.3d 401, 403 (10th Cir.), cert. denied 117 S. Ct. 436 (1996). Dismissal under 12(b)(6) is proper only when it appears plaintiff can prove no set of facts in support of the claim to support relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to plaintiff. Fuller v. Norton, 86 F.3d 1016, 1020 (10th Cir. 1996).

An actionable claim under § 1983 requires that defendant act under color of state law and that its conduct be fairly attributable to the state. See Luger v. Edmondson Oil Co., 457 U.S. 922, 937 (1982); Pino v. Higgs, 75 F.3d 1461, 1465 (10th Cir. 1996).

DeSerrato alleges no facts sufficient to satisfy this requirement.

An actionable claim under § 1985 requires an allegation of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus."  <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102 (1971); <u>Bisbee v. Bey</u>, 39 F.3d 1096, 1102 (10th Cir. 1994), <u>cert. denied</u> 115 S. Ct. 2577 (1995).  Without such an allegation, DeSerrato's claim must be dismissed.

AFFIRMED.  Appellee's motion to strike extraneous materials filed by appellant is GRANTED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge
