**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 31 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

KATHLEEN A. FRANCISCO; LEWIS J.
FRANCISCO; BILLY L. SKOOG,

    Plaintiffs-Appellants,

COEXCO, INC.,

    Plaintiff,

v.

JAMES J. LONG; KENNETH NAVE;
MICHAEL J. MILNE, and First through Fourth
Does; UNITED STATES OF AMERICA,

    Defendants-Appellees.

No. 96-1459
(D.C. No. 95-M-1561)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Kathleen Francisco, Lewis Francisco, and Billy Skoog (the Appellants) appeal the district court's dismissal on summary judgment of their lawsuit against two detectives of the Sheriff's Office of Adams County, Colorado, an attorney in the District Attorney's Office of Adams County, Colorado, and the United States of America (the Defendants) for various alleged civil rights violations. The district court properly exercised jurisdiction under 28 U.S.C. §§ 1331 and 1343(a). This court has jurisdiction of the appeal pursuant to 28 U.S.C. § 1291.

Appellants contend the district court erred in dismissing their 42 U.S.C. §§ 1983 and 1985(3) claims at the summary judgment stage. They also argue the district court erred by failing to provide them with an opportunity to conduct discovery before dismissing the case on summary judgment.[1] We affirm the district court's decision.

---

[1] In their *pro se* brief, Appellants state four issues on appeal: (1) do they have a claim under the Fourth and Fourteenth Amendments; (2) did the defendants enter into a conspiracy to violate appellants's civil rights; (3) does immunity apply and can the court decide this issue without a evidentiary hearing; and (4) did the court properly dismiss on summary judgment. For purposes of its analysis, the court has combined issues 1 and 3. Issue 4, of course, applies across the board.

Appellants owned and operated a hot tub and bath house business in Adams County, Colorado. The local authorities suspected the business of operating as an unlicensed massage parlor and illegal nude entertainment establishment. On June 18, 1993, the Adams County Sheriff's Office obtained a search warrant to search the business and seize evidence relating to these suspicions. Detectives served the warrant and searched the business on June 19 and 20, 1993, seizing fifteen boxes of records and documents. Appellants allege this was a "general and indiscriminate search" in violation of their Fourth and Fourteenth Amendment rights.

Prior to issuance of the warrant, Dennis Bok, a Revenue Agent of the United States Internal Revenue Service, who suspected the business of concealing cash profits, met with detectives in the Adams County Sheriff's Office to discuss his concerns. At that time, the detectives were unable to help Agent Bok, but following the execution of the search warrant, the detectives provided Agent Bok the seized records. The Internal Revenue Service then used the documents in its investigation of Appellants' business. Appellants allege Agent Bok conspired with the Adams County Sheriff's Office officials to obtain business records for the Internal Revenue Service in violation of the Apellants' Fourth and Fourteenth Amendment rights.

In their complaint, appellants stated claims for violations of their Fourth and Fourteenth Amendment rights. The district court determined the defense of qualified immunity applied and dismissed the claims on summary judgment. We review a grant of summary judgment *de novo*, using the Federal Rule of Civil Procedure 56(c) standard applied by the district court. *V-1 Oil Co. v. Means*, 94 F.3d 1420, 1422 (10th Cir. 1996).

Federal courts have recognized a qualified immunity defense for federal officials sued under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and for state officials sued under § 1983. *See Johnson v. Fankell*, ___ U.S. ___, ___, 117 S. Ct. 1800, 1803 (1997); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (establishing the qualified immunity defense). To avoid dismissal when a defendant raises a claim of qualified immunity, "the plaintiff must show that the law was clearly established when the alleged violation occurred and come forward with facts or allegations sufficient to show that the official violated the clearly established law." *Woodward v. City of Worland*, 977 F.2d 1392, 1396 (10th Cir. 1992), *cert. denied*, 509 U.S. 923 (1993). In other words, once the qualified immunity defense is raised, the plaintiff has the burden of identifying a clearly established right, of which a reasonable person would have known, and alleging facts showing the

-4-

defendant violated that right. *Harlow*, 457 U.S. at 818.

The district court based its decision on the Appellants' failure to cite any authority showing that Defendants violated clearly established law. Despite numerous challenges, the actions of Defendants have been upheld in several different courts. On appeal, the Appellants have again failed to cite any authority to support their allegation that Defendants violated their constitutional rights. This court is unaware of any such authority that might support their position.

The qualified immunity defense is intended to protect the defendants to which it applies from the burdens of trial as well as from potential liability. *See Fankell*, 117 S. Ct. at 1803. The objective qualified immunity defense standard was adopted in part to "'permit the resolution of many insubstantial claims on summary judgment.'" *Id.* (quoting *Harlow*, 457 U.S. at 818). Because Appellants could not come forward with sufficient facts or allegations to show violations of clearly established law, they are not entitled to subject Defendants to the burdens of an evidentiary hearing, discovery, or trial.

Appellants also alleged the detectives conspired with Agent Bok to deprive them of their Fourth and Fourteenth Amendment right to be free from

unreasonable search and seizure. The district court considered this a claim pursuant to 42 U.S.C. § 1985(3) and properly dismissed it for failure to allege class-based animus. Appellants argue the district court erred in finding no class-based animus.

Section 1985(3) requires "racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). A § 1985(3) claim lacking an allegation of "class-based or racial discriminatory animus" must fail. *Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir. 1994), *cert. denied*, 515 U.S. 1142 (1995).

Appellants contend the animus in this case is that of the government agents toward "adult businesses." This court has determined § 1985(3) was intended "'to provide redress for victims of conspiracies impelled by a commingling of racial and political motives'" primarily stemming from "strife in the South in 1871." *Brown v. Reardon*, 770 F.2d 896, 907 (10th Cir. 1985) (quoting *Hampton v. Hanrahan*, 600 F.2d 600, 623 (7th Cir. 1979), and other cases) (finding plaintiffs alleging they were discriminated against because of their political beliefs were not in a protected class).

> Whatever may be the precise meaning of a "class" for purposes of *Griffin's* speculative extension of § 1985(3) beyond race, the term unquestionably

connotes something more than a group of individuals who share a desire to engage in conduct that the § 1985(3) defendant disfavors. Otherwise, innumerable tort plaintiffs would be able to assert causes of action under § 1985(3) by simply defining the aggrieved class as those seeking to engage in the activity the defendant has interfered with. This definitional ploy would convert the statute into the "general federal tort law" it was the very purpose of the animus requirement to avoid.

*Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 269 (1993) (citations omitted) ("'Women seeking abortion' is not a qualifying class."). We agree with the district court that owners of adult businesses are not a protected class for § 1985(3) purposes.

As this court finds no reversible error, the decision of the district court is **AFFIRMED**.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge