# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 16, 2008

Charles R. Fulbruge III
Clerk

No. 07-10312

ROGER D PFEIL

Plaintiff - Appellant

V.

DAVE FREUDENTHAL, Governor, State of Wyoming; ROBERT LAMPERT, Director, Wyoming Department of Corrections; PATRICK KEPPLER, Division of Prisons Administration, Wyoming Department of Corrections; PEGGY A TRENT, Assistant Attorney General, State of Wyoming; THE CITY OF LITTLEFIELD; ET AL

Defendants - Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 5:05-CV-289

Before KING, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Appellant Roger D. Pfeil ("Pfeil") filed this action against 34 defendants ("Defendants"), all of whom were officials or employees of the State of Wyoming, the Wyoming Department of Corrections ("WDOC"), the City of Littlefield, Texas, or the Bill Clayton Detention Center ("BCDC"), a private prison run by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Correctional Services Corporation ("CSC") in Littlefield.[1]  The district court dismissed all of Pfeil's claims as frivolous or for failure to state a claim.  We affirm the district court's ruling as to all but two of Pfeil's claims.

## I. FACTS AND PROCEEDINGS

Pfeil was convicted and originally incarcerated in the State of Wyoming. He alleges that in 2002, because of prison overcrowding, he was transferred to the Crowly County Correctional Facility ("CCCF"), a privately owned and operated facility in Olney Springs, Colorado.  Approximately two years later, he was transferred from the CCCF facility to the BCDC in Littlefield, Texas.

Pfeil alleges that myriad constitutional violations occurred while he was housed at the BCDC.  He contends that he wrote letters regarding these constitutional violations and, in response, one or more of the defendants threatened him with disciplinary action if he continued to pursue assistance from government officials.  Pfeil maintains that the disciplinary sanctions he received for writing grievance letters and testifying on behalf of a fellow inmate violate the United States Constitution and various state laws.

---

[1] Named defendants include: Dave Freudenthal, the Governor of Wyoming; Peggy A. Trent, assistant attorney general of Wyoming; Robert Lampert, director of the WDOC; Patrick Keppler, employee of the WDOC Division of Prison Administration; Scott Abbott, warden of Wyoming State Prison ("WSP"); Anita Batts, case manager with the WDOC; Holly Morgan, case manager with the WDOC; Harriet Carlson, business manager of WSP; City of Littlefield; Bruce Peel, former mayor of Littlefield; Shirley Mann, mayor of Littlefield; James F. Slattery, President and CEO of CSC; Ms. Flanagan, former warden of the BCDC; Mr. Mitchell, former warden of the BCDC; Jimmy Alford, former warden of the BCDC; Mr. Klein, former warden of the BCDC; Mr. Tate, former warden of the BCDC; Mr. Gonzales, warden of the BCDC; Ken Montgomery, former assistant warden of the BCDC; Steven Gaylor, assistant warden of the BCDC; Mr. Sowell, former security chief of the BCDC; Janet Tucker, former security chief of the BCDC; K. Harlan, security chief of the BCDC; Ronnie Tucker, former lieutenant at the BCDC; Lieutenant Reuben Torres, an officer at the BCDC; Lieutenant Skinner, an officer at the BCDC; Lieutenant K. Gonzales, an officer of the BCDC (K. Gonzales); Lisa Robison, a training officer at the BCDC; Sheila Sowell, an officer or employee of the BCDC; Nick Caro, disciplinary officer at the BCDC; Shannon Rosas, disciplinary officer at the BCDC; Mr. Boyce, a case manager at the BCDC; Lance Soles, an officer at the BCDC; and Sonny Barrera, former maintenance supervisor at the BCDC.

## II. ANALYSIS

### A. Standard of Review

The district court dismissed all of Pfeil's claims as frivolous or for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c).  Because the district court referenced all three statutes in dismissing Pfeil's claims, we review the issues raised on appeal de novo.[2]

### B. Merits

#### 1.  Retaliation Claims

Pfeil alleges that he was retaliated against for, inter alia, sending grievance letters to Robert Lambert ("Lambert"), Director, WDOC, regarding the constitutionality of his confinement.  According to Pfeil, he was told by various defendants on least three occasions that disciplinary actions would be taken against him if he continued to seek redress for his grievances.

To state a valid claim for retaliation, a prisoner must establish "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation."[3] The prisoner must provide more evidence than his "personal belief that he is the victim of retaliation"; he must "produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred."[4]

Pfeil's alleged letter to Lambert complaining about the conditions of his confinement and requesting that he be sent back to a prison in Wyoming is a

---

[2] Velasquez v. Woods, 329 F.3d 420, 421 (5th Cir. 2003) (per curiam).

[3] McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998).

[4] Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995)  (internal quotation marks and citation omitted).

constitutionally protected activity.[5]   Pfeil contends that in response to the letter, Lieutenant Reuben Torres, an officer at the BCDC, wrote him up for reporting false or misleading information.  Pfeil maintains that Lieutenant K. Gonzales investigated the infraction and issued the disciplinary charge. Lieutenant Skinner, Nick Caro, and Shannon Rosas allegedly found him guilty of the disciplinary charge and imposed sanctions for writing the letter.  Pfeil contends that Lisa Robison participated as a witness in the proceeding and that he received 120 days of segregation and a higher classification status as a result of his conviction.

As Pfeil's allegations are sufficient to state a retaliation claim against defendants Torres, K. Gonzales, Caro, Robison, Rosas and Skinner, the district court erred in dismissing Pfeil's claims against these defendants.[6]   The remainder of Pfeil's retaliation claims are without merit.

2. Due Process Claim

 Pfeil contends that the disciplinary sanctions he received for (1) writing to Lambert and (2) testifying in the disciplinary proceeding for inmate Wali Wright deprived him of a protected liberty interest created by WYO. STAT. ANN. § 7-22-112(a)(iv), which provides that no private correctional services contractor is authorized to impose disciplinary sanctions on Wyoming inmates without due process.  As a result of the disciplinary proceedings, Pfeil was no longer able to accrue good-time credits and was subject to $50 fine.

Pfeil has failed to state a valid claim under § 1983 for the denial of his right to good-time credits because under that statute a prisoner cannot recover good-time credits lost in a disciplinary proceeding.[7]   Moreover, Pfeil has no

---

[5] See Freeman v. Tex. Dep't of Criminal Justice, 369 F.3d 854, 864 (5th Cir. 2004); Woods, 60 F.3d at 1164.

[6] See Hart v. Hairston, 343 F.3d 762, 764 (5th Cir. 2003).

[7] Clark v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998).

4

liberty interest in his ability to earn future good-time credits. Wyoming's parole statute does not create a right to parole upon the accumulation of good-time credits, but rather merely gives the parole board permission to grant parole.[8] Thus, Pfeil's procedural due process claim, insofar as it is premised on his inability to accrue good time credit, does not implicate a cognizable liberty interest.[9] Pfeil's claim would be equally feckless if presented under 28 U.S.C. § 2254.[10]

Although Pfeil does not have a liberty interest in his good-time credits, he was also allegedly fined $50 from his inmate account as a result of his testimony in the Wright disciplinary proceeding. As inmates do have a protected interest in the assets of their inmate accounts,[11] Pfeil has alleged a property interest sufficient to support his § 1983 claim relating to his testimony in the Wright proceeding.[12] Pfeil's remaining § 1983 claims were properly dismissed.

### 3. Additional Claims

Pfeil's lengthy complaint includes a plethora of other claims, none of which have merit. We therefore need not, and do not, address them.

### III. CONCLUSION

Pfeil has alleged a viable retaliation claim against defendants Torres, K. Gonzales, Caro, Robison, Rosas and Skinner and a viable claim under § 1983 for

---

[8] See Seavolt v. Escamilla, 17 F. App'x 806, 807 (10th Cir. 2001) (unpublished); see also Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995).

[9] Id.

[10] Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000) (finding no liberty interest under § 2254 when prisoner's change in status denied him opportunity to accrue good-time credits).

[11] Eubanks v. McCotter, 802 F.2d 790, 793 (5th Cir. 1986); Gillihan v. Shillinger, 872 F.2d 935, 938-39 (10th Cir. 1989).

[12] Pfeil's remaining § 1983 claim is not barred by the Supreme Court's rule in Heck v. Humphrey, 512 U.S. 477 (1994), because he was not deprived of any previously accrued good-time credits. Prior precedent prohibits an inmate from recovering for the inability to accrue future good-time credits. See Scott, 71 F.3d at 193.

the taking of money from his inmate account without due process.  The district court's dismissal is reversed, and the case is remanded for further disposition. On all other claims, the judgment of the district court is affirmed.  AFFIRMED in part, REVERSED and REMANDED in part.