# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 2, 2022

Lyle W. Cayce
Clerk

No. 19-30524

Allen Ancar,

*Plaintiff—Appellant*,

*versus*

Randall Robertson, *Colonel, Louisiana State Penitentiary*; William Folk, *Classification Officer, Louisiana State Penitentiary*; Trish Foster, *Former Legal Programs Director, Louisiana State Penitentiary*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:18-CV-3

Before Jolly, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:*

Allen Ancar is a Louisiana state prisoner. He was assigned to work in the field at a prison farm. The working conditions were poor in his view, so he filed a grievance and sought a job transfer. About a month later, prison

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-30524

officials filed a disciplinary report against him for failing to show up for work. Because of that disciplinary report, his transfer request was denied. The grievance was eventually denied as well. Ancar brings several claims against prison officials. He alleges that they unconstitutionally retaliated against his filing a grievance by delaying resolution of his work transfer request, and that they violated his rights by denying his grievance. We conclude that two of the defendants are entitled to qualified immunity from the retaliation claim. But we also conclude that Ancar's claim against the other defendant should not have been dismissed for failure to properly serve. Thus, we AFFIRM IN PART, VACATE IN PART, and REMAND for further proceedings consistent with this opinion.

I.

Ancar, a Louisiana inmate, began doing field work on the prison farm in 2016. Such work, Ancar asserts, is known to be physically taxing and is often used to punish prisoners. On April 5, 2017, Ancar applied for a change in work assignment. Under prison policy, when an inmate requests a change in work assignment, the request is reviewed by a reclassification board composed "of a Major or above, a Corrections ARDC Specialist-Classification, and a member of the Mental Health Team or Vocational/Academic representative." That reclassification board is convened once a week, and an inmate's request for a job change is generally considered either the week he turns it in or the week after. The reclassification board's decision is "subject to review, approval, or modification by the [unit] Warden or his designee." Under prison policy, Ancar was eligible for a work transfer at the time of his request because he had no disciplinary report against him for at least the prior 90 days.

On April 10, 2017, Ancar filed a grievance with the prison's Legal Programs Department, alleging inhumane working conditions and injuries

received at the hands of prison officials. Initially, Ancar named Assistant Warden Ray Vittorio in his grievance. Vittorio designated defendant Colonel Randall Robertson to manage administrative matters including requests for changes to work assignments.

On May 3, 2017, Ancar and other inmates were required to work outside in inclement weather. Displeased with that treatment, Ancar refused to show up for work the following two days. As a result, prison officials charged Ancar with an aggravated work offense and defiance on May 5, 2017. Defendant Trish Foster, who at that time was the director of Legal Programs for the Louisiana State Penitentiary, purportedly denied the previously filed grievance on May 10 because the request's "volume [was] too great." And on May 31, Ancar's work-change request was denied because he had become ineligible for a transfer in light of the disciplinary report.

Ancar filed another grievance with the Legal Programs Department on June 26, 2017, alleging that by denying his work-change request, Robertson and defendant William Folk, a classification officer, retaliated against him for filing the previous grievance. Foster again denied Ancar's grievance alleging retaliation because its "volume [was] too great."

On August 21, 2017, Ancar submitted a second request for a change in work assignment for "[a]ny job out of the field that's available." At that time, Ancar had gone about 110 days without receiving a disciplinary report (and thus was eligible to request a reassignment), but the request was denied without a stated reason. Ancar alleges that around the same time at least three other inmates working on the farm line requested changes in work assignment and were approved, even though they did not qualify because of disciplinary charges filed against them.

In January 2018, Ancar filed the lawsuit central to this case. He made three claims. First, he alleged that defendants Robertson and Folk violated

No. 19-30524

his First Amendment rights. Specifically, he asserted that they retaliated against his filing a grievance by failing to timely process his request for a change in work assignment before he committed the disciplinary violation that rendered him ineligible. Second, Ancar alleged that defendant Trish Foster violated Ancar's right to equal protection by rejecting Ancar's grievances as too great in volume. Third, in a supplemental pleading that was entered into the record by the district court, he alleged that defendant Robertson continued to retaliate against him and violated his right to equal protection by causing the denial of his August 21, 2017 request for a change in work assignment.

Defendants Robertson and Folk moved for summary judgment. The magistrate judge recommended granting the motion. In his view the defendants were entitled to qualified immunity because Ancar "failed to provide competent summary judgment evidence showing that the defendants retaliated against him for the exercise of his First Amendment rights" by denying the work change request.[1] As for the claim that Ancar brought against defendant Foster, the magistrate judge concluded that the claim should be dismissed without prejudice because Foster was not properly served. The magistrate judge did not address Ancar's retaliation claim challenging the denial of his later August 2017 work-change request.

The district court adopted the magistrate judge's findings and recommendations and entered final judgment in favor of the defendants. Ancar timely appealed to this court.

---

[1] And as for Ancar's claim that Robertson and Folk retaliated against him by delaying consideration of his work-change request, the magistrate judge found that Ancar's allegations were merely conclusory and addressed them no further.

4

## II.

Ancar argues that the district court erred by (1) granting summary judgment to defendants Robertson and Folk, (2) failing to consider his retaliation claim based on the denial of his second work-change request from August 2017, and (3) dismissing his claim against defendant Foster for failure to properly serve.

## A.

Ancar challenges the district court's grant of summary judgment to defendants Robertson and Folk on Ancar's retaliation claim. This court reviews *de novo* a district court's grant of summary judgment. *Hyatt v. Thomas*, 843 F.3d 172, 176–77 (5th Cir. 2016). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 160 (5th Cir. 2021). "A dispute is genuine if the summary judgment 'evidence is such that a reasonable jury could return a verdict for the [non-movant].'" *Hyatt*, 843 F.3d at 177 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). We view the evidence in the light most favorable to the nonmoving party. *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).

Ancar claims that Robertson and Folk impermissibly retaliated against him for his exercising his right to file a grievance. "To prevail on a claim for retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006) (quoting *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998)).

An inmate may not defeat a motion for summary judgment with only conclusory allegations of retaliation. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Thus, to support a retaliation claim, "[t]he inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" *Id.* (quoting *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)). Under the third element of such a claim, the inmate must show that the complained of retaliatory act was more than *de minimis* such that "it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Morris*, 449 F.3d at 686. And under the fourth element, "an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident . . . would not have occurred." *Woods*, 60 F.3d at 1166.

In this case, the district court granted summary judgment to defendants Robertson and Folk on qualified immunity grounds. When a state official raises a qualified immunity defense, the plaintiff must show that the official violated a constitutional right that was clearly established at the time of the incident. *Siegert v. Gilley*, 500 U.S. 226, 231–32 (1991). To this end, we ask whether it would have been clear to a reasonable state official that the official's conduct was unlawful under the circumstances. *Shumpert v. City of Tupelo*, 905 F.3d 310, 320, 320 n.31 (5th Cir. 2018). Our precedent makes clear that "[a] prison official may not retaliate against or harass an inmate for complaining through proper channels" about prison conditions. *See Morris*, 449 F.3d at 684; *Pfeil v. Freudenthal*, 281 F. App'x 406, 409 (5th Cir. 2008) (citing *Freeman v. Tex. Dep't of Crim. Just.*, 369 F.3d 854, 864 (5th Cir. 2004), and *Woods*, 60 F.3d at 1164). However, we have not addressed whether the delayed consideration of a work-reassignment request is an adverse act sufficient to support a retaliation claim. Thus, we conclude that it would not

No. 19-30524

have been clear to a reasonable state official that failing to consider Ancar's work-reassignment request more promptly would be unlawful.

We therefore affirm the district court's grant of summary judgment to Robertson and Folk on qualified immunity grounds.

## B.

Ancar asserts that the district court and magistrate judge erred by failing to consider his challenge to the denial of his August 2017 work-reassignment request. We hold that, regardless of whether the district court and magistrate judge erred by failing to address the claim, the claim would fail. [2] Ancar asserts that defendant Robertson caused the denial of his August 2017 work-reassignment request as continued retaliation for the grievance Ancar filed months before. But Robertson was not a member of the review board that denied Ancar's request, and Ancar has failed to provide direct evidence of "a chronology of events from which retaliation may plausibly be inferred." *See Woods*, 60 F.3d at 1166. In other words, although it is possible that Ancar's August 2017 reassignment request was denied because of a retaliatory motive, Ancar has failed to create an issue of fact regarding defendant Robertson's involvement.

## C.

Finally, we address Ancar's argument that the district court erred by dismissing his claim against defendant Foster for lack of proper service. Under Rule 4(c)(3) of the Federal Rules of Civil Procedure, a court must order the U.S. Marshals to effectuate service on behalf of a *pro se* plaintiff

---

[2] We also note that, regardless of whether the district court and magistrate judge addressed the claim, the district court implicitly decided it when that court issued a complete and final judgment for the defendants. *See, e.g.*, *NCNB Tex. Nat'l Bank v. Johnson*, 11 F.3d 1260, 1264 (5th Cir. 1994).

proceeding *in forma pauperis*. "[A] plaintiff proceeding in forma pauperis is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Normally, a defendant must be properly served within 90 days of the filing of the complaint, and if that condition is not satisfied, the court must dismiss the action against the defendant without prejudice or order that service be made within a specified time. Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure to serve, the court must extend the time for service for an appropriate period." *Id.*

In this case, the U.S. Marshals were ordered to serve the defendants on Ancar's behalf. They were successful with serving Robertson and Folk, but not Foster. Ancar had listed Foster as a Louisiana Department of Corrections employee, but service with that institution was unsuccessful because Foster no longer worked there. After learning that service was unsuccessful, Ancar attempted to serve Foster first through the Louisiana Attorney General's office, and, when that failed, through the District Attorney's office in Avoyelles Parish, where Ancar believed Foster to reside.

Ancar thus made diligent efforts to serve Foster. He was unsuccessful simply because Foster's employment status with the Department of Corrections changed, and he did not know how else to find her. That impediment to service was good cause for Ancar's failure. Thus, under Rule 4(m), the district court should have "extend[ed] the time for service for an appropriate period."

The magistrate judge's report and recommendations, adopted by the district court, also concluded that Ancar's claim against Foster would fail on the merits. We conclude, however, that Ancar may have a viable claim

against Foster and that the report's articulation of alternative grounds for dismissal based on the merits was error.

Ancar raises a class-of-one equal protection claim against Foster. He asserts that Foster violated his right to equal protection by twice rejecting his grievances for being too great in volume, but around the same time did not likewise reject grievances filed by other inmates that were of similar or even greater volume. The magistrate judge stated that inmates have no constitutional due-process right to proper resolution of their grievances or a right to have prison officials follow prison policy.

However, by the terms of Ancar's complaint, his claim is an equal-protection claim, not a due-process claim. Thus, the question is not whether Ancar had a constitutional right not to have his grievances rejected based on their volume, but whether the government actor intentionally treated him differently compared to similarly situated persons without a rational basis for doing so. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (describing class-of-one equal-protection claims). Because neither defendant Foster nor the district court has had an opportunity to address the issue, we do not give an answer here as to whether Ancar's class-of-one claim is likely to succeed. But we note that the magistrate judge and the district court erred to the extent that they relied on a due-process argument as a ground for dismissing this claim.

We therefore vacate the portion of the district court's decision dismissing Ancar's claim against Foster and remand for further proceedings consistent with this opinion.

\*    \*    \*

We AFFIRM the district court's grant of summary judgment to defendants Robertson and Folk on qualified immunity grounds. But because the district court failed to give Ancar additional time to serve defendant

Foster, we VACATE the portion of the order dismissing Ancar's claim against her and REMAND for further proceedings consistent with this opinion.