**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 29 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD LYNN DOPP,

      Petitioner-Appellant,

v.

JAMES SAFFLE, Director, Oklahoma
Department of Corrections,

      Respondent-Appellee.

No. 01-5074

(D.C. No. 99-CV-884-H)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE** and **MURPHY,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered

submitted without oral argument.

Petitioner Richard Lynn Dopp, an Oklahoma state prisoner appearing pro se, seeks

a certificate of appealability (COA) to challenge the district court's dismissal without

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

prejudice of his 28 U.S.C. § 2254 habeas petition. We deny a COA and dismiss the appeal.

In 1986, Dopp entered pleas of guilty to two drug-related felonies in state court and he was sentenced to ten years' imprisonment. Dopp completed his term of imprisonment and was released from custody. In May 1998, he was convicted in state court of three additional drug-related felonies and, due in part to his 1986 felonies, he was sentenced to life imprisonment without parole. His conviction and sentence were affirmed by the Oklahoma Court of Criminal Appeals (OCCA) in March 2000.

Dopp filed his federal habeas petition on October 19, 1999, while his direct appeal was pending. Although somewhat unclear, the petition suggested that Dopp was challenging both his 1986 convictions, which he alleged were obtained in violation of his constitutional rights, and his 1998 convictions and sentence, which he alleged were improperly enhanced by his 1986 convictions. Dopp's amended petition clarified that he was attacking only his 1998 convictions to the extent they had been enhanced by his 1986 convictions.[1] The district court dismissed Dopp's petition without prejudice, concluding that Dopp had never presented his claim of improper enhancement to the OCCA.

We agree with the district court that Dopp has failed to exhaust his state court remedies. See 28 U.S.C. § 2254(b)(1). As noted by the district court, Dopp's claim of

---

[1] Based upon our review of the record, any attempt by Dopp to challenge his 1986 convictions would be untimely under 28 U.S.C. § 2244(d)(1).

2

improper enhancement was not asserted in his direct appeal of his 1998 convictions and Dopp made no attempt to file an application for post-conviction relief.[2]

We DENY Dopp's application for a COA and DISMISS the appeal.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[2]  We question whether Dopp can prevail on his improper enhancement claim since he has not successfully challenged his 1986 convictions and he did not present his improper enhancement claim on direct appeal.  Nevertheless, out of an abundance of caution, we conclude that the district court's decision to dismiss the petition without prejudice was proper.