**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 27 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

RICHARD LYNN DOPP,

Plaintiff-Appellant,

v.

SCOTT RASK, Assistant County
Attorney of Labette County, Kansas;
WILLIAM BLUNDELL, Sheriff of
Labette County, Kansas,

Defendants-Appellees.

No. 03-3150
(D.C. No. 00-CV-3144-JAR)
(D. Kan.)

ORDER AND JUDGMENT  *

Before **EBEL** , **HENRY** , and **MURPHY** , Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Richard Lynn Dopp, an Oklahoma state prisoner appearing *pro se*, appeals from summary judgment granted in favor of defendants on his claims for malicious prosecution and unlawful arrest, imprisonment, and confinement brought under the Fourth Amendment and 42 U.S.C. § 1983. He also appeals from the denial of his request for a stay of federal proceedings pending state-court resolution of the same claims.

The factual background of this case is set forth in the district court's order granting summary judgment, and we need not repeat it here except as necessary to our analysis. "We review the district court's grant of summary judgment *de novo*, applying the same legal standard used by the district court." *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). After careful review of the record, the briefs, and the applicable law, we conclude that the district court did not err in granting summary judgment to defendants or in denying the request for stay, and we therefore affirm.

## I.

Mr. Dopp's claims arise from his arrest and prosecution in Kansas, and the subsequent dismissal of felony drug charges related to the cultivation of marijuana.[1] The district court correctly concluded that Mr. Rask, a Labette

---

[1] Mr. Dopp's felony convictions for drug trafficking in Oklahoma state court

(continued...)

County Assistant Attorney, is protected by absolute immunity for his role in pressing criminal charges for marijuana cultivation against Mr. Dopp. *See Kalina v. Fletcher*, 522 U.S. 118, 126 (1997) (citing previous holding that "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity") (quotation omitted).

II.

The district court also properly concluded that claims against Sheriff Blundell were untimely. Because Mr. Dopp was never charged or prosecuted for criminal trespass, claims against Sheriff Blundell for unlawful arrest and confinement for criminal trespass accrued at the time of the arrest on May 16, 1996, and were therefore barred by the two-year statute of limitations. *See Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557, 558 (10th Cir. 1999) ("Since the injury in a § 1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated. . . . Claims arising out of police actions

---

[1](...continued)
have been upheld on appeal and we have affirmed the dismissal of his habeas petition. *See Dopp v. Saffle*, 28 Fed. Appx. 859, 860 (10th Cir. Nov. 29, 2001), *cert. denied*, 122 S. Ct. 2598 (2002).

toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur.") (quotation omitted).

## III.

The district court also properly concluded that defendant Rask, acting as a witness instead of as a prosecutor, is protected by qualified immunity on the claim that he violated Mr. Dopp's Fourth Amendment rights by making allegedly untrue statements in an affidavit to support a search warrant for Mr. Dopp's brother's car. [2]

Defendant Rask executed an affidavit to support the automobile search warrant the day after Mr. Dopp was taken into custody. Based on information

---

[2] Although not raised by defendants or the court, Fourth Amendment rights are personal, and an individual "cannot claim a violation of his Fourth Amendment rights based only on the introduction of evidence procured through an illegal search and seizure of a third person's property or premises." *United States v. Erwin*, 875 F.2d 268, 270 (10th Cir. 1989) (citations omitted). Thus, without a possessory or property interest in the vehicle searched, "passengers lack standing to challenge vehicle searches." *United States v. Eylicio-Montoya,* 70 F.3d 1158, 1162 (10th Cir. 1995). As he states he was only a passenger in his brother's car in his complaint, *see* R. Doc. 1 at 4, Mr. Dopp could not state a claim for damages from Rask under § 1983 for alleged misrepresentations made in the affidavit supporting the automobile search warrant. *See Saucier v. Katz*, 533 U.S. 194, 200 (2001) ("the first inquiry must be whether a constitutional right would have been violated on the facts alleged"); *Bisbee v. Bey*, 39 F.3d 1096, 1100 (10th Cir. 1994) (noting that, when public official asserts defense of qualified immunity in summary judgment motion, court must first determine whether plaintiff's allegations, if true, state a claim for violation of a clearly-established constitutional right).

obtained from Officer Holsinger, *see* R. Doc. 20, Tr. of Prelim. Hr'g at 163, Mr. Rask stated that Mr. Dopp "had been taken into custody for the cultivation of marijuana and that a certified tracking canine had followed [a] footprints trail to a marijuana patch." *See* Aplee. App. at 32 (Kansas Court of Appeals order affirming suppression of evidence). At the preliminary hearing, Officer Holsinger testified that (1) he was shown a hidden marijuana patch on the property by the property manager *before* Mr. Dopp was arrested, *see* R. Doc. 20, Tr. of Prelim. Hr'g at 133-35; (2) the property manager had also reported a car trespassing on the land that same day, and Officer Holsinger saw the car hidden in a hedgerow, *id.*; (3) officers called in a canine tracking unit before Mr. Dopp was arrested, *id.* at 134-35, and Officer Holsinger knew the dog had been certified and believed, at the time he gave Mr. Rask the information, that it was still certified, *id.* at 168-69; (4) they saw no one else on the property except Mr. Dopp and his companions, *id.* at 134; (5) Officer Holsinger accompanied the dog and its handler when they back-tracked from where Mr. Dopp came out of the brush to a hidden marijuana patch that was connected by a path to other patches, *id.* at 138-40; (6) he knew Mr. Dopp was being held on more than trespassing charges, *id.* at 170; and (7) he believed that the Dopps were the ones who had cultivated the marijuana because their path was tracked to a marijuana patch, he saw fresh foot prints along the path, he saw that trees had been cut off in the marijuana patches,

and a saw and a box for a shovel had been discovered in the car during an inventory search, *id.* at 171, 176-77. Based on this and other evidence at the preliminary hearing, Judge Brewster concluded that probable cause existed to believe that Mr. Dopp had committed the felonies of cultivation of marijuana and conspiracy to cultivate marijuana and bound him over for trial. Aplee. App. at 126.

But a month later, Judge Brewster recused and Judge Fleming took over the case. Ultimately, Judge Fleming entered an order suppressing all evidence obtained at the time of Mr. Dopp's Kansas arrest. Judge Fleming concluded that Mr. Rask's statement that Mr. Dopp was taken into custody for cultivation for marijuana was incorrect, based only on one page of Sheriff Blundell's preliminary hearing testimony that Mr. Dopp was arrested for criminal trespass. *See id.* at 23-24. Judge Fleming concluded that, if this statement and the statement about the dog being certified were omitted, no probable cause would exist to issue the search warrant. *Id.*

Mr. Dopp asserts that Judge Fleming's conclusions must be given res judicata effect in the qualified immunity analysis. But the analysis regarding whether evidence should be suppressed because a court later determines that no probable cause existed to issue a search warrant is different from the analysis regarding whether Mr. Rask is entitled to qualified immunity for making

statements in the affidavit supporting the search warrant. *See Saucier v. Katz*, 533 U.S. 194, 203 (2001) (noting the "distinction between the reasonableness standard for warrantless searches and the qualified immunity inquiry" and noting that, "even if a court were to hold that the officer violated the Fourth Amendment by conducting an unreasonable, warrantless search, *Anderson* [*v. Creighton*, 483 U.S. 635 (1987),] still operates to grant officers immunity for reasonable mistakes as to the legality of their actions"). To be entitled to qualified immunity, Mr. Rask had to show only that his actions were objectively reasonable in light of the information he possessed at the time of his actions. *Hollingsworth v. Hill*, 110 F.3d 733, 738 (10th Cir. 1997). The Supreme Court has recognized that "it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officials--like other officials who act in ways they reasonably believe to be lawful--should not be held personally liable." *Anderson*, 483 U.S. at 641. Thus, qualified immunity leaves "ample room for mistaken judgments," protecting "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). There can be no question that, given the information received from Officer Holsinger outlined above, both Mr. Rask's belief that the statements made in his affidavit were true and his belief that probable cause existed to issue the search warrant were objectively

reasonable as a matter of law. The district court properly granted qualified immunity to defendant Rask.

IV.

We reject Mr. Dopp's complaint that the district court erred in refusing to stay the federal proceedings (which he initiated) until the state-court proceedings (which he also initiated) were concluded. "It is well established that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 662 (1978) (quotation omitted). A district court has virtually plenary discretion over whether to defer proceedings because of concurrent state litigation. *See State Farm Mut. Auto. Ins. Co. v. Scholes*, 601 F.2d 1151, 1155 (10th Cir. 1979).

The judgment of the district court is **AFFIRMED**. Mr. Dopp's motion to file a supplemental appendix is **GRANTED**. We remind Mr. Dopp that he must continue to make partial payments toward his filing fees until the entire balance is paid. The mandate shall issue forthwith.

Entered for the Court

David M. Ebel
Circuit Judge