**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 6, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD LYNN DOPP,

      Petitioner-Appellant,

v.

RON WARD, Director, Oklahoma
Department of Corrections,

      Respondent-Appellee.

No. 05-5203
(D.C. No. 02-CV-616-JHP-PJC)
(N.D. Oklahoma)

**ORDER**

Before **HARTZ**, **EBEL** and **TYMKOVICH**, Circuit Judges.

Petitioner-Appellant Richard Lynn Dopp appeals the district court's order

denying him habeas relief, see 28 U.S.C. § 2254, from his Oklahoma convictions

for trafficking in marijuana, maintaining a residence resorted to by users of a

controlled dangerous substance, and unlawful possession of a firearm.[1]  For these

---

[1]Dopp previously sought habeas relief under § 2254 as to the same
convictions.  His prior § 2254 petition, however, was dismissed without prejudice
based on failure to exhaust state remedies.  See Dopp v. Saffle, No. 99-CV-884
(N.D. Okla. Apr. 18, 2001) (unpublished order).  Dismissal without prejudice for
failure to exhaust state remedies does not prevent a subsequent habeas petition
under the Antiterrorism and Effective Death Penalty Act ("AEDPA").  See Slack
v. McDaniel, 529 U.S. 473, 485-86 (2000); McWilliams v. Colorado, 121 F.3d
573, 575 (10th Cir. 1997).

convictions, Dopp was sentenced to life imprisonment without parole. On appeal to this court, Dopp argues that the district court erred in rejecting his claims that (1) the Oklahoma Court of Criminal Appeals ("OCCA") failed to provide a full and fair opportunity to litigate his Fourth Amendment challenge to the search of his residence; (2) the trial court failed to instruct the jury on the lesser offense of possession with intent to distribute; (3) the trial court erroneously instructed the jury that Dopp had stipulated to two prior convictions for purposes of sentence enhancement; (4) Dopp's trial counsel was ineffective in failing to object to the allegedly erroneous jury instructions; and (5) the trial court's sentence of life in prison without parole violated Double Jeopardy based on Dopp's prior payment of impoundment fees and the loss of a truck seized during the search of his residence. Dopp also claims that the district court erred by (6) failing to provide an evidentiary hearing regarding Dopp's ineffective assistance of counsel claims, and (7) denying his application for a certificate of appealability. Finally, Dopp asserts that (8) cumulative error analysis should be applied to all of the foregoing claims.

To pursue this appeal, Dopp is required to obtain a certificate of appealability (COA). See 28 U.S.C. § 2253(c)(1). To be entitled to a COA, Dopp must make a "substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). Satisfaction of this standard requires establishing that "reasonable jurists could debate whether (or for that matter, agree that) the petition should

have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (quotations omitted).  The district court in this case denied Dopp's motion for a COA.

After carefully considering all of Dopp's arguments, we conclude that he has failed to demonstrate that he is entitled to a COA.  We therefore DENY Dopp a COA and DISMISS this appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge