FILED
United States Court of Appeals
Tenth Circuit

November 21, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RICHARD LYNN DOPP,

        Petitioner-Appellant,

v.

RANDALL WORKMAN, Warden,

        Respondent-Appellee.

No. 12-5129
(D.C. No. 4:12-CV-00289-GKF-TLW)
(N.D. Okla.)

In re:

RICHARD LYNN DOPP,

        Movant.

No. 12-5153
(D.C. No. 4:12-CV-00289-GKF-TLW)
(N.D. Okla.)

**ORDER DENYING A CERTIFICATE OF APPELABILITY AND
DENYING MOTION FOR AUTHORIZATION**

Before **KELLY**, **LUCERO**, and **GORSUCH**, Circuit Judges.

These matters come before the court on two motions filed by Richard Lynn

Dopp. The first motion, filed in No. 12-5129, seeks a certificate of appealability

(COA) to challenge the district court's dismissal of Dopp's petition for habeas relief

under 28 U.S.C. §2254 as an unauthorized second or successive petition. The second

motion, filed in No. 12-5153, seeks authorization from this court under 28 U.S.C.

§2244(b)(3) to file a second or successive §2254 habeas petition. Because these two matters are related, we will consider them together.

Dopp was convicted in Oklahoma state court in 1998 of drug and firearms offenses, for which he received a sentence of life without parole (LWOP) and a $25,000 fine. After seeking relief in the state courts, he filed a § 2254 habeas petition in federal court in August 2002 attacking his conviction and sentence. The district court denied relief in 2005 and this court denied a certificate of appealability in 2006. In 2007, Dopp sought authorization from this court to file a second or successive §2254, which we denied.

In May 2012, Dopp filed a second § 2254 habeas petition in district court raising six claims attacking his 1998 conviction and sentence and a seventh claim attacking his rearrest and reincarceration by prison officials after he fraudulently secured his release from prison. The district court concluded that Dopp's claims were second or successive and, because he had not received prior authorization to file them, it had no jurisdiction to consider them. After concluding that the interests of justice did not warrant transferring the matter to this court for authorization, the district court dismissed the habeas petition for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam).

Dopp now seeks a COA to challenge the district court's determination that his claims were second or successive and required prior authorization. He argues that he could not have brought the claims in his first petition, so they are not second or

successive. And, in an abundance of caution, he separately seeks authorization under § 2244(b)(3) to file the habeas claims that the district court dismissed. For the reasons stated below, we deny both motions.

No. 12-5129

When a district court denies a habeas petition on procedural grounds, a COA should not issue unless "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). We conclude that Dopp fails to meet this standard as to any claim asserted in his habeas petition.

As to six of his claims, Dopp contends that they could not have been brought at the time he filed his first habeas petition in 2002, so they are not second or successive claims requiring this court's prior authorization. As to the seventh claim, it raises a jurisdictional challenge that Dopp contends he can raise at any time.

The Supreme Court "has declined to interpret 'second or successive' as referring to all § 2254 applications filed second or successively in time, even when the later filings address a state-court judgment already challenged in a prior § 2254 application." *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007). Thus, for instance, a claim that was not ripe at the time a petitioner filed his first habeas petition will not be considered second or successive if filed in a later application when it becomes

ripe. *See id.* at 947. The allegations in Dopp's petition, however, show that at least five of his claims were ripe and could have been brought when he filed his first petition. Those claims are as follows: that he received ineffective assistance of counsel when his trial attorney stipulated to his prior convictions, the trial court erred in independently determining whether Dopp agreed to the stipulation, and the trial court did not instruct the jury properly as a result of the stipulation (Claim 3); that his LWOP sentence was a miscarriage of justice because he was actually innocent of one of the prior convictions used as an enhancement (Claim 4); that there were jurisdictional defects in his LWOP sentence because two of his prior convictions were invalid enhancements and because the Amended Information and Amended Supplemental Information concerning the enhancements were void on their face (Claim 5); that the State has not uniformly applied the statutory provisions for imposing a fine for trafficking in marijuana (Claim 6); and that he received ineffective assistance of counsel when his attorney failed to investigate whether the State had offered any plea proposal other than a LWOP sentence (Claim 7). Because Dopp could have raised all of these claims in his first habeas petition--even the claim asserting jurisdictional errors--reasonable jurists could not debate the district court's dismissal of these claims as unauthorized second or successive claims.

Turning to the remaining two claims, in the first, Dopp contends that the state trial court lacked jurisdiction to impose the sentence of LWOP and a $25,000 fine because Dopp was subject to multiple punishments, in violation of the Double

- 4 -

Jeopardy Clause. Dopp recites four "punishments" other than the sentence itself to which he was subject: (1) he had to pay $5,000 in towing and private storage fees before he could recover vehicles and auto parts that were seized following a search of his property; (2) even after pursuing civil litigation, he was unable to recover one truck that was retained by the storage facility for non-payment of fees; (3) he was unable to recover the cash that was seized after it was stolen from law enforcement's storage facility during the course of the forfeiture proceedings; and (4) he lost his house in a federal forfeiture proceeding.

Of these additional punishments, the first occurred before Dopp filed his first habeas petition, so he could have raised a double jeopardy claim based on that additional punishment in his first petition. Reasonable jurists could not debate whether a claim based on this alleged additional punishment was subject to dismissal as second or successive. Pursuant to Dopp's allegations, none of the other punishments were imposed until after Dopp filed his first habeas petition and therefore could not have formed the basis for a double jeopardy claim at that time. But for Dopp to obtain a COA, he must show not only that it is debatable whether a double jeopardy claim based on these events would be second or successive, but he must also show that they form the basis of a colorable double jeopardy claim.

Notably, Dopp does not contend that the government could not impose these subsequent punishments because they violated the Double Jeopardy Clause. Rather, he contends that because he later suffered these three additional punishments, the

- 5 -

earlier-imposed sentence violated the Double Jeopardy Clause, leaving the trial court without jurisdiction to impose or administer that sentence. The Double Jeopardy Clause prohibits the government from imposing successive criminal punishments for the same offense. *See, e.g., Hudson v. United States*, 522 U.S. 93, 98-99 (1997). It does not prohibit the government from imposing the first criminal punishment. Reasonable jurists could not debate whether Dopp states a valid claim of the denial of a constitutional right based on these three additional punishments.

Dopp's final claim arises entirely out of events that occurred after he filed his first habeas petition and, therefore, it could not have been asserted in his first habeas petition. Again, however, to obtain a COA, Dopp must demonstrate not only that reasonable jurists could debate the propriety of the district court's jurisdictional dismissal, but that reasonable jurists could debate whether the claim states a valid claim for the denial of a constitutional right.

In 2009, Dopp was released from prison on a Certificate of Release that the state court found was secured through the use of a fraudulent document purporting to be an amended judgment and sentence. Shortly after his release, Department of Correction (DOC) Internal Affairs officials located Dopp at his mother's house and took him back into custody. Dopp contends that the DOC officials violated his constitutional rights because they entered his mother's house without her consent, arrested him without a warrant, and did not provide him a probable cause hearing before returning him to prison to serve the remainder of his LWOP sentence. He also

argues that the State should be bound by the Certificate of Release on contract principles.

Dopp does not dispute the state court's finding that his release was secured through the use of a fraudulent document purporting to be an amended judgment and sentence or its finding that his original LWOP sentence was never lawfully altered. Because Dopp does not dispute that he was lawfully subject to imprisonment for the remainder of his life without the possibility of parole, he has no colorable claim that DOC officials violated his constitutional rights by returning him to custody to serve the remainder of that sentence. Nor does his contention that the Certificate of Release constitutes an enforceable contract state a colorable claim for the denial of a constitutional right. Accordingly, this claim does not meet the standard for issuance of a COA.

Because Dopp has not shown with respect to any claim both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack*, 529 U.S. at 484 (emphasis added), we deny his application for COA.

### No. 12-5153

After the district court dismissed Dopp's habeas petition because he had not obtained prior authorization to file it from this court, Dopp filed a motion with this court seeking such authorization under 28 U.S.C. § 2244(b)(3). To obtain

authorization for those claims that are second or successive, Dopp must make a prima facie showing that either (1) "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"; or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Id.* § 2244(b)(2), (3)(C). Dopp does not rely on any new rule of constitutional law to support any of his claims. Instead, he contends that he has a variety of newly discovered evidence that justifies filing new claims. Based upon our review of Dopp's filings in this and the district court, we conclude that none of the evidence that Dopp claims is newly discovered would lead a jury to conclude that he is not guilty of the underlying offense. We therefore deny his motion for authorization.

Conclusion

In No. 12-5129, Dopp's application for a certificate of appealability is DENIED. In No. 12-5153, Dopp's motion for authorization to file a second or successive §2254 petition is DENIED. The denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." *Id.* § 2244(b)(3)(E).

Entered for the Court
Per Curiam
