FILED
United States Court of Appeals
Tenth Circuit

October 24, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RICHARD LYNN DOPP,

     Petitioner - Appellant,

v.

JIMMY MARTIN,

     Respondent - Appellee.

No. 18-5070
(D.C. No. 4:18-CV-00152-CVE-FHM)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY\***
_____

Before **McHUGH**, **KELLY**, and **EID**, Circuit Judges.
_____

Richard Lynn Dopp seeks a certificate of appealability (COA) to appeal the

district court's dismissal of his successive habeas application under 28 U.S.C. § 2254 for

lack of jurisdiction and its denial of his motion to alter or amend the judgment under

Fed. R. Civ. P. 59(e). We deny a COA and dismiss this appeal.

I. **Background**

Dopp is an Oklahoma state prisoner proceeding pro se. After a jury trial in 1998,

he was convicted of drug and firearms offenses and sentenced to life imprisonment

without the possibility of parole. Following an unsuccessful direct appeal, he filed a

---

\* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 2254 habeas application in 2002.[1]  The district court denied relief, and this court denied a COA.  *Dopp v. Ward*, 198 F. App'x 791, 792 (10th Cir. 2006).  Dopp filed another § 2254 application in 2012.  The district court held that filing was second or successive and unauthorized, and dismissed it for lack of jurisdiction.  We denied a COA.  *Dopp v. Workman*, 502 F. App'x 797, 798, 801 (10th Cir. 2012).  Dopp has also twice sought authorization from this court to file a second or successive § 2254 application.  In both instances, we denied authorization.  *See id.* at 801; *Dopp v. Jones*, No. 07-5058, slip op. at 4 (10th Cir. May 7, 2007) (unpublished).

In 2018, Dopp filed his fourth-in-time § 2254 application.  The district court held that this latest filing was once again successive and unauthorized, and dismissed it for lack of jurisdiction.  The court also declined to exercise its discretion to transfer the matter to this court for authorization under 28 U.S.C. § 2244(b)(3).  Dopp filed a motion to alter or amend pursuant to Rule 59(e), which the district court denied.  He now seeks to appeal the district court's judgment and its order denying his Rule 59(e) motion.  We deny a COA and dismiss this appeal.

## II.    Discussion

Dopp must obtain a COA to pursue his appeal.  *See Montez v. McKinna*, 208 F.3d 862, 866-67 (10th Cir. 2000) (holding a state prisoner must obtain a COA to appeal a final order in a habeas corpus proceeding); *cf. Spitznas v. Boone*, 464 F.3d 1213, 1218

---

[1] Dopp's original § 2254 application, filed in 1999, was dismissed without prejudice for failure to exhaust administrative remedies.  *Dopp v. Saffle*, 28 F. App'x 859, 860 (10th Cir. 2001).

(10th Cir. 2006) (holding a COA is required to appeal from the denial of a motion under Fed. R. Civ. P. 60(b) filed in a habeas case); *United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) (holding a federal prisoner must obtain a COA to appeal a district court's dismissal of an unauthorized second or successive motion under 28 U.S.C. § 2255 for lack of jurisdiction).

Because the district court's rulings rested on procedural grounds, Dopp must show *both* "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We liberally construe Dopp's pro se application for a COA. *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002).

As construed by the district court, Dopp's latest § 2254 application asserted two claims: (1) "the Ottawa County District Court lacked jurisdiction to enter judgment and sentence against him because he committed his crimes of conviction within 'Indian Country,' specifically within the boundaries of the Seneca-Cayuga Tribe reservation," and (2) "the State of Oklahoma violated his equal protection rights by prosecuting him but not prosecuting similarly situated individuals who also commit crimes within the reservation's boundaries." R. at 62. Because these claims attempted to assert or reassert federal bases for relief from Dopp's underlying conviction, the district court concluded that his latest § 2254 application was successive and unauthorized, and dismissed it for lack of jurisdiction. *See Spitznas*, 464 F.3d at 1215-16; *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). The district court also declined to transfer the matter to this court for

3

authorization under § 2244(b)(3). Finally, the court held that Dopp's Rule 59(e) motion failed to demonstrate any reason to alter or amend the judgment. The district court denied a COA as to all issues.

### A. Reasonable Jurists Would Not Debate That Dopp's § 2254 Application Was Successive and Required This Court's Authorization

Dopp does not dispute that he previously filed a § 2254 application. He instead argues that his claim challenging the state trial court's jurisdiction is not second or successive because (1) a jurisdictional claim can be brought at any time and cannot be waived or forfeited, and (2) that claim was not ripe until this court issued its decision in *Murphy v. Royal*, 875 F.3d 896 (10th Cir. 2017), *cert. granted*, 138 S. Ct. 2026 (2018). Dopp also contends that the district court abused its discretion in declining to transfer the matter to this court for authorization.[2]

Contrary to his assertion, Dopp's jurisdictional challenge is not exempt from authorization under § 2244(b). In *Cline*, we rejected a prisoner's contention that a jurisdictional claim can be raised at any time in a motion under Rule 60(b). 531 F.3d at 1253. We held that the prisoner's motion challenging the trial court's jurisdiction was a second or successive § 2255 motion and was therefore subject to the authorization requirement in § 2255(h). *Id*. The same rule applies to a successive § 2254 application asserting a jurisdictional defect. In fact, "this court has barred a state prisoner convicted

---

[2] Dopp further asserts that the district court misconstrued his equal protection claim and erred in failing to decide that claim on the merits. This contention ignores the district court's basis for its dismissal of Dopp's § 2254 application: lack of jurisdiction to reach the merits of his claims. *See Cline*, 531 F.3d at 1251.

4

of murder and sentenced to death by the wrong sovereign from bringing a successive collateral attack to contest his conviction on this [jurisdictional] basis." *Prost v. Anderson*, 636 F.3d 578, 592 (10th Cir. 2011). As we explained in *Prost*, "[t]his is because . . . lack of jurisdiction is not one of the two authorized grounds upon which a successive § 2254 motion may be filed." *Id.*; *see also* § 2244(b)(2) (setting forth the statutory bases for authorization of a second or successive § 2254 habeas application). Thus, the jurisdictional nature of Dopp's claim does not exempt his § 2254 application from dismissal for lack of jurisdiction as a successive and unauthorized application.

Dopp also argues that his claims are not second or successive because they were not ripe until this court issued its decision in *Murphy*. In that case, we considered whether the land on which a crime occurred was Indian Country as defined in 18 U.S.C. § 1151. 875 F.3d at 904. After holding that Congress had not disestablished the Creek Reservation, we granted the prisoner's application for habeas relief under § 2254 because the state court lacked jurisdiction to try him for a murder committed in Indian Country. *Id.* at 966.

Dopp is correct that a successive § 2254 application does not require this court's authorization if the claim asserted was not ripe at the time the prisoner filed his first habeas application. *See In re Weathersby*, 717 F.3d 1108, 1111 (10th Cir. 2013) (holding that a claim is not second or successive if the basis for the claim did not exist when prior proceedings under § 2255 were ongoing). To the extent Dopp contends that he did not discover the factual predicate underlying his jurisdictional claim until this court's decision in *Murphy*, a recent discovery of facts is not sufficient to establish that a claim

5

was previously unripe. *See United States v. Williams*, 790 F.3d 1059, 1068 (10th Cir. 2015). In *Williams* we explained that the exception to the bar on unauthorized successive § 2255 motions applies "where the factual basis for a claim does not yet exist—not where it has simply not yet been discovered—at the time of a defendant's first motion." *Id.* Here, Dopp does not identify any *facts* underlying his jurisdictional claim that did not exist in 2002 when he filed his first § 2254 application.

Nor was Dopp's jurisdictional claim unripe due to the unsettled state of the law regarding the boundaries of the Seneca-Cayuga Reservation. The law was likewise not settled when the prisoner in *Murphy* argued that his crime was committed in Indian Country. *See* 875 F.3d at 937 (applying the Supreme Court's framework to decide whether Congress has disestablished the Creek Reservation). Nothing prevented Dopp from asserting in his first § 2254 application a claim that the Oklahoma state court lacked jurisdiction because the crime he committed occurred in Indian Country. The fact that he, unlike the prisoner in *Murphy*, did not identify that argument does not establish that he could not have done so. *Cf. Prost*, 636 F.3d at 588-89 (holding prisoner could have included in his first § 2255 motion a statutory construction argument that the Supreme Court later vindicated in another prisoner's § 2255 proceeding).[3] We therefore reject

---

[3] Moreover, contrary to Dopp's assertion, he does not now stand in the same shoes as the prisoner in *Murphy*, who raised his jurisdictional claim in his first § 2254 application. *See* 875 F.3d at 910 (noting the prisoner amended his first § 2254 application to add a claim challenging Oklahoma's jurisdiction). Thus, unlike Dopp, the prisoner in *Murphy* did not have to satisfy the authorization requirement for a successive § 2254 application.

Dopp's assertion that his jurisdictional claim was not ripe at the time of his initial § 2254 proceedings.

**B.      Reasonable Jurists Would Not Debate the District Court's Discretionary Decision to Dismiss Rather than Transfer Dopp's Successive and Unauthorized § 2254 Application**

"When a second or successive § 2254 . . . claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the . . . petition for lack of jurisdiction." *Cline*, 531 F.3d at 1252.

> Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. Here, the district court declined to transfer because Dopp's latest filing was his fourth § 2254 application attacking the same judgment; he has twice sought authorization to file a second or successive § 2254 application, demonstrating his familiarity with that process; and it was clear from Dopp's application that his claims remained pending in state court and are therefore unexhausted. In denying Dopp's Rule 59(e) motion, the district court advised him "that the dismissal without prejudice does not prevent him from seeking authorization from the Tenth Circuit Court of Appeals to file a successive habeas petition in [the district court]." R. at 83-84.

We note, initially, that Dopp may be confused regarding the purpose of a transfer to this court. Section 1631 permits transfer to a "court in which the action or appeal could have been brought at the time it was filed or noticed." This court has jurisdiction to

7

consider a motion for authorization to file a second or successive § 2254 application. 28 U.S.C. § 2244(b)(3). To the extent Dopp believes that we would rule on the merits of his claims following a transfer, he is mistaken.

Dopp argues that the district court should have transferred this matter because recent developments in his sentence may result in him being no longer "in custody" for purposes of his standing to file a § 2254 application.[4] But any urgency in obtaining authorization to file his successive claims is belied by Dopp's failure to seek authorization directly from this court. Despite his familiarity with the process, and the district court's admonition that he could do so, Dopp has not filed a motion for authorization to file the claims that he asserted in the district court. The district court's decision not to transfer the matter for the purpose of seeking that authorization did not, as Dopp asserts, leave him no choice but to file this appeal.

Dopp also contends that the matter should have been transferred because he cannot exhaust his claims in state court. He asserts that he is subject to filing restrictions under which the state court will not rule on his claims until he has paid the filing fee in full. And he maintains that he is unable to do so. But exhaustion is not one of the factors this court would consider in deciding whether to authorize a successive § 2254 application. Thus, even if Dopp could ultimately establish in the district court that exhaustion of his claims is excused, reasonable jurists still would not debate the district court's exercise of

---

[4] Dopp states that his life-without-parole sentence was commuted to 30 years' and that he was paroled in May 2018. He further states that recent legislation may also discharge his 30-year sentence.

its discretion not to transfer his successive and unauthorized § 2254 application for authorization by this court.

## III.     Conclusion

Because Dopp has not demonstrated that jurists of reason would find it debatable whether the district court was correct in its procedural rulings, we deny a COA and dismiss this appeal.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk