**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 24, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RICHARD L. DOPP,

    Petitioner - Appellant,

v.

TERESA McCOIN, District Supervisor,
Northeast District, Probation and Parole;
SCOTT CROW, Interim Director,
Oklahoma Department of Corrections,

    Respondents - Appellees.

No. 19-6089
(D.C. No. 5:18-CV-00520-D)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

In 1998, Petitioner Richard L. Dopp was convicted on firearm and drug

offenses. The court sentenced him to life without parole (LWOP), which in 2018 was

commuted to 30 years. In calculating his remaining sentence, officials deducted

credits for prison misconduct. He is now out on parole. Dopp, proceeding pro se,

sought habeas relief under 28 U.S.C. § 2241 concerning three misconduct violations

for which he claims to have lost good-time credits—escape, possessing contraband,

and disruptive conduct. *Dopp v. McCoin*, No. CIV-18-520-D, 2019 WL 1952693, at

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*1 (W.D. Okla. May 2, 2019). The district court denied relief on the first and third violations but granted relief on the second. *Id.* at *4–5. Dopp seeks a certificate of appealability (COA) over the two denials.[1] We deny the COA.

## BACKGROUND

Dopp's escape violation stemmed from a 2009 event when he left prison "on a Certificate of Release that the state court found was secured through the use of a fraudulent document purporting to be an amended judgment and sentence." *Dopp v. Workman*, 502 F. App'x 797, 800 (10th Cir. 2012) (unpublished). State officials quickly located him at his mother's house and brought him back to prison. *Id.* Back in prison, officials placed him in segregated confinement for nearly a year before a disciplinary hearing was held over his alleged misconduct. At the hearing, the hearing officer denied Dopp's request to call two Internal Affairs (IA) officers as witnesses to testify about an "agreement that there would be no street . . . or misconduct [charges]" if Dopp confessed to them. R. vol. II at 201–03. The officer reasoned that the "I/A investigators deal [was] not part of this misconduct." *Id.* at 202–03.[2]

---

[1] Dopp also argues that the district court ignored his claim that his credits were incorrectly applied. This is incorrect. In fact, the district court instructed Oklahoma prison officials to "recalculate [Dopp's] remaining time to be served . . . ." *Dopp*, 2019 WL 1952693, at *5.

[2] In the district court, Dopp also alleged that he was denied the ability to present his "Certificate of Release," which he claimed was exculpatory. But as noted by the district court, the state considered the certificate at the hearing. Dopp does not raise this issue on appeal.

Dopp's disruptive-behavior violation stemmed from an event in 2012 when he sent an IA officer a letter "using the legal mail." R. vol. II at 212, 214. Initially, Dopp was convicted, but upon rehearing, the charge was dismissed.

## DISCUSSION

To receive a COA, Dopp must "ma[k]e a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

### I. Escape

Dopp contests two consequences of his escape conviction: (1) his predisciplinary-hearing placement in segregated confinement; and (2) the denial of two witnesses he wished to call at the hearing. We examine each in turn.

### A. Predisciplinary-Hearing Detention

As a parolee, Dopp is "in custody." *See United States v. Condit*, 621 F.2d 1096, 1098 (10th Cir. 1980) ("For . . . habeas[,] . . . parole[] constitutes 'custody.'").

"A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity . . . ." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the 'traditional function of the writ is to secure release from illegal custody.'" *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th

3

Cir. 2012) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997)). Thus, "a challenge to the conditions of [a prisoner's] confinement . . . must be brought" as a civil-rights—not habeas—action. *Id.* at 1036. Here, Dopp claims that his prehearing segregation violated due process. Even if it did, habeas relief is not the appropriate avenue for such a challenge. By contesting the conditions of his previous confinement, he is seeking civil-rights relief, not relief under § 2241. Therefore, a COA is denied on this ground.

### B.     Witness Exclusion

"It is well settled that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause . . . ." *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007) (internal quotation marks omitted) (quoting *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996)). But "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). As such, where discipline may result in the loss of good-time credits, due process requires:

> (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563–67). Additionally, "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the

prison disciplinary board are supported by some evidence in the record," *id.* (internal citation and quotation marks omitted), and "the decisionmaker [is] impartial," *Gwinn v. Awmiller*, 354 F.3d 1211, 1219 (10th Cir. 2004) (citing *Wolff*, 418 U.S. at 592).[3]

Reviewing the record, we conclude that the hearing officer did not violate Dopp's due-process rights by preventing Dopp from calling the two witnesses. Dopp argues that this decision deprived him of the opportunity to show that he "never admitted to providing any [false release documents] . . . [and] that [he] did not know his release was unlawful because he had nothing to do with that release." Appellant's Br. 3. But initially Dopp sought this testimony solely to show that he had a deal. Thus, on appeal he has expanded his reasons for needing the testimony beyond those originally given.

In the matter at issue, the officer was investigating whether Dopp should be punished for escaping from prison using a forged document. The investigation did not concern what the IA officers had offered Dopp in exchange for his confession. Dopp does not argue that his admission was coerced or otherwise problematic. He simply wants to say why he confessed. Since the hearing was to determine whether Dopp engaged in misconduct, evidence of a deal is irrelevant. Therefore, excluding witnesses whose only purpose was to testify to a deal did not violate due process.

Additionally, the hearing officer's decision was supported by "some evidence." As evidence of guilt, the hearing officer relied on the IA officers' report,

---

[3] Both "advance written notice" and a "written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action" were provided.

5

which referenced Dopp's admission to using a fraudulent document to escape. Dopp's admission of the misconduct constitutes "some evidence," such that this misconduct conviction complied with due process. Therefore, a COA is denied on this ground.

## II.    Disruptive Behavior

Dopp contends that the district court erred by treating his disruptive-behavior violation claim as moot. He contends that he has a live claim because prison officials never returned a $5.00 fee imposed on him for the violation. But the district court reviewed the record and concluded that officials did in fact return Dopp the $5.00[4] and that he lost no good-time credits for his disruptive-behavior violation. *Dopp v. McCoin*, No. CIV-18-520-D, 2019 WL 1952693, at *4 (W.D. Okla. May 2, 2019). Because Dopp does not allege that this violation is on his record or that he has lost any good time credits for it, § 2241 relief is not available. Thus, we deny a COA on this ground.

## III.    Miscarriage of Justice

Finally, Dopp asks for a COA under the miscarriage-of-justice exception to habeas. But "[t]his exception . . . is a markedly narrow one, implicated only in 'extraordinary case[s] where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (second alteration in original) (quoting *Phillips v. Ferguson*, 182

---

[4] We need not reach whether Dopp was assessed a $5.00 fine, since habeas is not the appropriate avenue for relief even if it was assessed.

F.3d 769, 774 (10th Cir. 1999)). To succeed, Dopp "must identify evidence that affirmatively demonstrates his innocence," and in doing so must "do[] more than simply 'undermine the finding of guilt against' him . . . ." *Phillips*, 182 F.3d at 774 (quoting *Ballinger v. Kerby*, 3 F.3d 1371, 1375 (10th Cir. 1993)). Here, after reviewing the record, we conclude that Dopp has provided no evidence demonstrating his actual innocence. Rather, he takes issue with the evidence used to convict him, which does not affirmatively demonstrate his innocence. Therefore, Dopp has failed to support a claim for miscarriage of justice, and we deny a COA on this ground.

## CONCLUSION

Because no "reasonable jurists could" find that Dopp's due-process rights were violated, we deny a COA and dismiss the appeal.

Entered for the Court


Gregory A. Phillips
Circuit Judge

7